UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

KATHLEEN LOVEALL                                                    PLAINTIFF

V.                                          CIVIL ACTION NO. 3:23-CV-2998-CWR-ASH

UNITED STATES OF AMERICA                                          DEFENDANT

ORDER

This matter is before the Court on Defendant United States of America's (the Government) Motion to Strike Plaintiff's Expert Designation [21]. Plaintiff Kathleen Loveall filed no response. Because she failed to respond to the Governments motion, the Court grants it as unopposed. Additionally, the Court finds the Government's motion should be granted because Loveall's designations fail to comply with Federal Rule of Civil Procedure 26(a) and Local Uniform Civil Rule 26(a).

I.      Background

Loveall filed this wrongful death action on October 10, 2023, on behalf of her husband, James Loveall. Loveall named the Government as a defendant under the Federal Tort Claims Act. *See* 28 U.S.C. §§ 1346(b), 2671-80. The Court set a deadline of September 23, 2024, for Loveall's expert designations. Case Management Order [15]. Loveall moved to extend this deadline three times (with no opposition from the Government), *see* Mots. [16] [18] [19], and the Court granted each motion. The final deadline for Loveall's expert designation was November 13, 2024.

On that date, Loveall designated Rajesh Bhagat, M.D.[1] and Christopher Bourean, M.D. as expert witnesses. Mot., Ex. A [21-1]. The Government then moved to strike Loveall's expert

---

[1] Loveall erroneously listed Dr. Bhagat's first name as "Rajat."

designations for failure to comply with the expert designation requirements of Federal Rule of

Civil Procedure 26(a). Memo. [22] at 1. Loveall had fourteen days to respond to the

Government's motion. L.U. Civ. R. 7(b)(4). She filed nothing, and the time to do so has expired.

II.    Standard

Federal Rule of Civil Procedure 26 states that "a party must disclose to the other parties

the identity of any witness it may use at trial to present" expert testimony. Fed. R. Civ. P.

26(a)(2)(A). Local Uniform Civil Rule 26 provides that "[a] party must make full and complete

disclosure [regarding expert witnesses] as required by Fed. R. Civ. P. 26(a)(2) and L.U. Civ. R.

26(a)(2)(D) no later than the time specified in the case management order." L.U. Civ. R.

26(a)(2).

Expert witnesses who are "retained or specially employed to provide expert testimony"

must submit written reports. Fed. R. Civ. P. 26(a)(2)(B). Non-retained experts, while relieved of

the requirement of a written report, must nonetheless disclose: "(i) the subject matter on which

the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and

(ii) a summary of the facts and opinions to which the witness is expected to testify." Fed. R. Civ.

P. 26(a)(2)(C).

"If a party fails to provide information or identify a witness as required by Rule 26(a) or

(e), the party is not allowed to use that information or witness to supply evidence on a motion, at

a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ.

P. 37(c)(1). This is consistent with the Local Rules: "Absent a finding of just cause, failure to

make full expert disclosures by the expert designation deadline is grounds for prohibiting

introduction of that evidence at trial." L.U. Civ. R. 26(a)(2).

III.    Analysis

The Government asks this Court to strike Loveall's expert designations of Dr. Bhagat and Dr. Bourean[2] as inadequate under both Rule 26(a)(2)(B) and Rule 26(a)(2)(C). Memo. [22] at 5-7. As an initial matter, the Government's motion should be granted as unopposed due to Loveall's failure to respond. L.U. Civ. R. 7(b)(3)(E).[3]

The Government's motion should also be granted on the merits. Loveall's designations state that Dr. Bhagat and Dr. Bourean's expected testimony will be based on, among other things, their "treatment of the plaintiff and review of the medical records." Mot., Ex. A [21-1] at 1-2. But she has submitted no written reports for Dr. Bhagat or Dr. Bourean and, therefore, cannot comply with Rule 26(a)(2)(B). Her failure to submit reports is unsurprising considering Dr. Bhagat and Dr. Bourean both executed declarations disagreeing with the opinions Loveall attributes to them. Mot., Ex. B [21-2]; Mot. Ex. C [21-3].

Setting aside whether a report would even be required here,[4] Loveall's designations also fail to comply with Rule 26(a)(2)(C). Assuming Loveall sufficiently satisfied the first prong of

---

[2] The Court treats Loveall's designations for both physicians collectively because they contain identical information as to each physician but for the subject matter for which they are designated as experts.

[3] The Government's motion is non-dispositive despite the potentially dispositive effect on Loveall's case. *See Herron v. Baptist Mem'l Healthcare Corp.*, No. 2:06-CV-114-P-A, 2007 WL 9735526, at *1 (N.D. Miss. June 1, 2007) ("A magistrate judge's order regarding striking experts for failure to adequately conform with applicable Local Rules or the Federal Rules of Civil Procedure is inextricably tied to the discovery process, and, therefore, such orders on motions to strike are considered non-dispositive."); *see also Lloreda v. Dolgencorp of Texas, Inc.*, No. 3:21-CV-00171, 2022 WL 203258, at *1 n.1 (S.D. Tex. Jan. 24, 2022) (collecting cases). Thus, Local Rule 7(b)(3)(E) is triggered.

[4] The Government contends that because Mr. Loveall's medical records contain no such opinions, Loveall must provide a report to address this discrepancy. *See Wallace v. Allstate Ins. Co.*, No. 1:08-CV-1460-HSO-JMR, 2010 WL 200001, at *8 (S.D. Miss. Jan. 14, 2010) (limiting treating physicians to the opinions set forth in their office records absent submission of a written

Rule 26(a)(2)(C) by providing the subject matter on which each witness is expected to testify—Dr. Bhagat as an expert in the field of critical care medicine, and Dr. Bourean as an expert in the field of hospital-based internal medicine—Loveall fails to provide sufficient disclosure under the second prong. Loveall expects Dr. Bhagat and Dr. Bourean to testify that Loveall's cause of death was "acute respiratory failure likely due to pulmonary embolism." Mot., Ex. A [21-1] at 1-2.  The Court agrees with the Government that Loveall has provided no explanation of facts to support these opinions. Memo. [22] at 7; *see Banks v. Silver Slipper Casino Venture, LLC*, No. 1:21-CV-00094-LGR-HWR, 2022 WL 2092993 (S.D. Miss. May 23, 2022) (finding insufficient summary of facts and opinions of physician warranted striking designation, regardless of whether physician's testimony was tendered as that of a treating physician or retained expert). That Loveall's designated experts are treating physicians does not excuse her from the obligation to properly disclose their opinions and the facts and data that form the bases of those opinions. The facts, data relied upon, and opinions of any expert must be sufficiently clear and detailed for the opposing party to timely prepare rebuttals. Instead, Loveall's designations of both physicians are simply recitations of the facts alleged in her complaint. The Court therefore finds Loveall's designations are inadequate under Rule 26(a)(2)(C).

Having determined that Loveall's designations of Dr. Bhagat and Dr. Bourean fail to satisfy the requirements of Federal Rule 26(a) and Local Rule 26(a), the Court considers whether striking those designations is an appropriate remedy. It is.

When deciding if striking an expert witness for failure to comply with Rule 26 is appropriate, the Court considers four factors to determine whether the failure was substantially

---

report under Rule 26(a)(2)(B)). The Court need not resolve this issue because Loveall submitted *no* reports and her Rule 26(a)(2)(C) designations are also deficient.

justified or harmless: (1) the explanation for the failure to identify the witness; (2) the importance of the testimony; (3) the potential prejudice in allowing the testimony; and (4) the availability of a continuance to cure that prejudice. *See Hamburger v. State Farm Mut. Auto. Ins. Co.*, 361 F.3d 875, 883 (5th Cir. 2004). While Loveall at least *identified* the witnesses (she has, however, failed to do so properly), the other factors favor striking her designations. Concerning the second factor, Loveall has offered some explanation about the proposed testimony if the Court credits her deficient designations. This alone, however, cannot "singularly override the enforcement of local rules and scheduling orders." *Geiserman v. MacDonald*, 893 F.2d 787, 792 (5th Cir. 1990). It is also the case "that where an expert is crucial to the plaintiff's case, it 'only underscores the importance of plaintiffs' compliance with the court's deadlines.'" *Newsome v. Int'l Paper Co.*, --- F.4th ----, No. 24-20126, 2024 WL 5117195, at *8 (5th Cir. Dec. 16, 2024) (citation omitted). This factor favors striking her designations. Under the third factor, the Government identifies the prejudice it will face in properly preparing for trial because of the continued delay. Memo. [22] at 8. The Court agrees. This factor also favors striking Loveall's designations. Turning to the fourth factor, the Court finds no reason to believe that a continuance would cure the deficient designations due to Loveall's repeated extensions and her failure to respond to the Government's motion. Because at least three of the four factors weigh in the Government's favor, the Court finds striking Loveall's designations is an appropriate remedy.

IV.    Conclusion

As mentioned above, Loveall filed no response to the Government's motion. The Court therefore grants the motion as unopposed under Local Rule 7(b)(3)(E). Additionally, the Court finds the Government's arguments independently persuasive. The Court therefore grants its

Motion to Strike Plaintiff's Expert Designation [21] for Loveall's failure to comply with Federal Rule of Civil Procedure 26(a) and Local Uniform Civil Rule 26(a).

      **SO ORDERED AND ADJUDGED** this the 31st day of December, 2024.

s/ *Andrew S. Harris*
UNITED STATES MAGISTRATE JUDGE